IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| ROBERTS O'BRIEN, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:09-CV-1053-L** |
| | § | |
| WALGREEN COMPANY d/b/a | § | |
| WALGREENS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion for Summary Judgment, filed May 28, 2010. After carefully considering the motion, response, reply, record, and applicable law, the court **grants** Defendant's Motion for Summary Judgment.

## I.    Factual and Procedural Background

Plaintiff Roberts O'Brien ("Plaintiff" or "O'Brien") filed his Original Complaint on June 5, 2009 (the "Complaint"). He asserts a single count alleging violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), against Defendant Walgreen Company d/b/a Walgreens ("Defendant" or "Walgreens"). O'Brien contends that Walgreens intentionally discriminated against him based upon an alleged disability, cervical stenosis, when it wrongfully terminated his employment and refused to accommodate his disability. The court sets forth the undisputed facts. Plaintiff largely adopted Defendant's statement of facts, and the court therefore relies upon the facts set forth in Defendant's motion, which are supported by evidence in its appendix.

**Memorandum Opinion and Order - Page 1**

Plaintiff first worked for Walgreens at the Walgreens Annex in Waxahachie from September 2006 through October 2006. He began working at the Walgreens Distribution Center as a truck loader in January 2007. In April 2007, Plaintiff applied for a General Warehouse position. Duties of this job include: "moving product to storage areas using proper equipment, efficiently staking and storing merchandise in the appropriate areas, and participating in physical inventories, aisle inventories, and other merchandise verification programs." Defs.' Mot. 4, ¶ 4. This position is located in the Walgreens Distribution Center, which has four levels of shelving for products and merchandise. As part of the job, the employee must operate a forklift to travel up the four levels and pull items from the shelves.

Plaintiff reviewed the job description and a video regarding the General Warehouse position before applying for the job. He understood that the position involved operating heavy machinery and working in high places. He was offered the position on May 22, 2007, and he reported to orientation on June 7, 2007. The next day, Plaintiff gave Walgreens a copy of a Physical Medicine & Rehabilitation Outpatient Note, dated March 26, 2003, from Dr. Garrison.

O'Brien met with Debra Jones, human resource generalist, and Tammy Titlow, outbound manager, on June 12, 2007. They told him that he could not continue working until he provided an updated medical report. Jones requested answers to three specific questions: "1. The nature of the medical condition; 2. Whether there are any work-related limitations; and 3. What are those limitations and the duration of the medical condition." *Id*. 5, ¶ 10.

Plaintiff saw his doctor, and on June 14, 2007, O'Brien provided Defendant with a release (the "Release") stating "Full Duty for Mr. O'Brien's Job." Jones told O'Brien that the Release was unacceptable because it did not address the three specific questions and again requested answers to

**Memorandum Opinion and Order - Page 2**

those questions. On June 18, 2007, Dr. Garrison faxed an unsigned letter to Walgreens responding to the three questions. In response to the second question, Dr. Garrison stated that there were no work-related limitations because the position did "not require balancing or work at significantly high places requiring balancing activities." *Id.* 5, ¶ 13.

On June 29, 2007, Jones informed O'Brien that Dr. Garrison did not adequately respond to the three questions and that Walgreens needed further information regarding the balance issues. She asked O'Brien for this information again on July 9, 2007. On July 16, 2007, Dr. Garrison told Plaintiff that he needed to submit to a balance test before he could provide adequate answers. Jones asked again for medical information regarding the balance issues on July 20, 2007. Plaintiff never took a balance test or submitted the requested medical information.

In November 2007, Jones informed O'Brien that he was off the Walgreens payroll. He was told that he could not return to work unless he took the balance test or provided additional information from his doctor.

## II.   Legal Standard – Motion for Summary Judgment

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most

favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case

and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## III. Analysis

Defendant now moves for summary judgment on Plaintiff's ADA claims. It argues that he is not disabled as defined by the ADA, that he was not a qualified individual under the statute, that his failure to accommodate claim must fail, that he failed to engage in the interactive process regarding a disability accommodation, and that his employment was terminated for legitimate, nondiscriminatory reasons. In response, O'Brien asserts that Walgreens regarded him as disabled, that he was a qualified individual under the statute, that Defendant failed to accommodate him, that he pursued the interactive process regarding an accommodation, and that his employment was terminated for pretextual, discriminatory reasons.

### A. Legal Standard under the ADA

The ADA is an antidiscrimination statute designed to remove barriers that prevent qualified individuals with disabilities from enjoying employment opportunities available to persons without disabilities. *Taylor v. Principal Financial Group, Inc.,* 93 F.3d 155, 161 (5th Cir.), *cert. denied,* 519 U.S. 1029 (1996). The ADA prohibits discrimination against a qualified individual because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training; and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

A person "may establish a claim of discrimination under the ADA either by presenting direct evidence or by using the indirect method of proof set forth in *McDonnell Douglas Corp. v. Green*[, 411 U.S. 792 (1973)]." *Seaman v. CSPH, Inc.,* 179 F.3d 297, 300 (5th Cir. 1999). To establish a

*prima facie* case of intentional discrimination under *McDonnell Douglas,* a plaintiff must show that he "(1) suffers from a disability; (2) was qualified for the job; (3) was subject to an adverse employment action, and (4) was replaced by a non-disabled person or treated less favorably than non-disabled employees." *Id.* The employer then "must show a legitimate, nondiscriminatory reason for its action." *Id.* "The employee ultimately bears the burden of showing that the employer's actions were motivated by considerations prohibited by the statute." *Id*.

A person is disabled under the ADA if he (1) has a physical or mental impairment that substantially limits one or more of the major life activities, (2) has a record of such impairment, or (3) is regarded as having such an impairment. 42 U.S.C. § 12102(2). The court must interpret this definition strictly. *Carmona v. Southwest Airlines Co.*, 604 F.3d 848, 855 (5th Cir. 2010).

### B. Disability

With respect to Plaintiff's alleged disability, Walgreens argues that he is not disabled, that he has no record of a disability, and that it did not regard him as disabled. In response to the motion, O'Brien argues *only* that Walgreens regarded him as disabled. He points to 42 U.S.C. § 12102(2)(c), which includes as a definition of "disabled" as "being regarded as having such an impairment." Because Plaintiff only responds to Walgreens's argument with respect to regarding him as disabled, the court finds that he has abandoned any claim that he is disabled or that he has a record of any disability.

To meet this definition of "disabled," a plaintiff must show that: "(1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities." *Kemp v. Holder*, 610 F.3d 231,

237 (5th Cir. 2010) (quoting *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489 (1999)). An employer may "regard an employee as impaired or restricted from one position or a narrow range of jobs without regarding him as disabled." *E.E.O.C. v. E.I. Du Pont de Nemours & Co.*, 480 F.3d 724, 729 (5th Cir. 2007) (quotation and footnote omitted).

Defendant argues that it was Plaintiff who raised the issue of his medical condition during orientation and that it simply asked for updated information. It points to the pertinent regulations, which provide: "A covered entity may require a medical examination (and/or inquiry) of an employee that is job-related and consistent with business necessity. A covered entity may make inquiries into the ability of an employee to perform job-related functions." 29 C.F.R. § 1630.14(c). Walgreens further argues that the burden is on O'Brien to show that it regarded his impairment as "substantially limiting." Walgreens argues that it never regarded O'Brien as disabled because he failed to provide medical information, and the provided information raised questions about whether he could perform the job.

Walgreens argues that Plaintiff's doctor's note initially raised the issue of whether he could perform the job functions of the General Warehouse position. It sought further medical information, which Dr. Garrison ultimately stated he could not provide without performing a balance test. It contends that Plaintiff refused to take the test, and therefore Dr. Garrison could not provide the information it needed. It also points to Plaintiff's testimony that he did not believe that Walgreens treated him as disabled. He did not mark the box on the EEOC questionnaire to indicate that he believed that Walgreens regarded him as disabled. Walgreens contends that there is no evidence to support his theory that it regarded him as disabled, his sole remaining basis for contending that he is disabled pursuant to the ADA.

O'Brien responds that he has a physical impairment but was treated by Walgreens as though this impairment substantially limited him in a major life activity. He contends that he had recently been employed by Walgreens in similar jobs and that the job description does not include any requirements relating to balance. He further states that he provided Walgreens with information about his impairment because he thought it might assist him obtain government subsidies.

Plaintiff argues that the only basis for Walgreens's decision to deny him the opportunity to work was his failure to take a balance test. He states that he could handle the jobs of picker and loader without problems and that there was no balance requirement in the job description.

The court determines that there is no genuine issue of material fact whether Walgreens regarded O'Brien as disabled. Plaintiff admits that Walgreens did not regard him as disabled in his deposition testimony. The EEOC questionnaire that O'Brien filled out is consistent with this statement, as Plaintiff did not check the box on the EEOC questionnaire that he believed Walgreens regarded him as disabled.

His argument in response to the motion for summary judgment, without any supporting facts or evidence, is insufficient to create a fact question that would preclude summary judgment. While O'Brien points to the job descriptions provided by Walgreens and contends that it does not require any specific balance requirement, he does not dispute that the job actually involved working in high places and job duties that involve balance. O'Brien testified at his deposition that he understood that an essential function of the General Warehouse position was that an employee to work up to four levels off the ground and that the position involved heights. He does not present any evidence that his prior jobs at Walgreens required working in high places or balancing. While Plaintiff's physician stated that he did not have any work-related limitations, this statement was made after Dr.

Garrison incorrectly assumed that the position "does not require balancing or work at significantly high places requiring balancing activities." Def. App. 107. Accordingly, Dr. Garrison's Release does not save Plaintiff's claim because it is clear he did not know about the actual requirements of the General Warehouse position.

There is no evidence that Walgreens considered O'Brien impaired or disabled in any way; the only evidence is that Plaintiff raised the issue of his impairment and then refused to consent to a test that his own physician required to answer Walgreens's questions about his possible work-related limitations. An employer's request for information is not tantamount to a showing that the employer regarded the employee as limited in the ability to perform a major life activity. *Garrett v. Autozone Inc.*, 224 F.3d 765, 2000 WL 992259, *2 (5th Cir. 2000) (citing *Kelly v. Drexel Univ.*, 94 F.3d 102, 109 (3d Cir. 1996) and *Cody v. CIGNA Healthcare of St. Louis, Inc.*, 139 F.3d 595, 599 (8th Cir. 1998)). Even if Walgreens considered O'Brien to be impaired for the General Warehouse job, there is no evidence that it considered him impaired or disabled for any other jobs, and "in order for an employer to have regarded an impairment as substantially limited in the activity of working, the employer must regard an individual as significantly restricted in the ability to perform a class or broad range of jobs." *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1121 (5th Cir. 1998) (citing *Bridges v. City of Bossier*, 92 F.3d 329, 332 (5th Cir. 1996)).

The court has carefully reviewed the parties' arguments and evidence and concludes that there is no genuine issue of material fact whether O'Brien is disabled under the ADA. He argues solely that Walgreens regarded him as disabled, but the evidence does not support this contention. Because this argument is dispositive on the ADA discrimination claim, the court does not reach the

other arguments made by Defendant regarding whether Plaintiff was a qualified individual under the ADA and whether it terminated him for legitimate, nondiscriminatory reasons.

## C. Duty to Accommodate

Defendant also moves for summary judgment on Plaintiff's claim that Walgreens failed to accommodate him. It contends that, because O'Brien argues only that Walgreens regarded him as disabled, it had no duty to accommodate him. In support of its argument, Plaintiff cites *Newberry v. East Texas State University*, 161 F.3d 276 (5th Cir. 1998).

Plaintiff argues that Walgreens still had a duty to accommodate him. It distinguishes *Newberry* and cites extensively from a case from the Eleventh Circuit Court of Appeals, *D'Angelo v. Conagra*, 422 F.3d 1220 (11th Cir. 2005).

In *Newberry*, the court stated: "[A]n employer need not provide reasonable accommodation to an employee who does not suffer from a substantially limiting impairment merely because the employer thinks the employee has such an impairment." 161 F.3d at 280. Although some courts, such as the Eleventh Circuit, have criticized *Newberry*, district courts in this circuit, both before and after that decision, dismissed duty to accommodate claims in cases where a plaintiff only asserted that his employer regarded him as disabled. *Cannizzaro v. Neiman Marcus, Inc.*, 979 F. Supp. 465, 476 (N.D. Tex. 1997) ("[T]he duty to make a reasonable accommodation arises only when the individual is disabled; no such duty arises when the individual merely is regarded as being disabled as defined under the ADA.") (citation and quotations omitted); *Bennett v. Calabrian Chem. Corp.*, 324 F. Supp. 2d 815, 838 (E.D. Tex. 2004), *aff'd*, 126 F. App'x 171 (5th Cir. 2005).

In light of these decisions, the court determines that Plaintiff's duty-to-accommodate claim fails as a matter of law because there is no evidence that he was disabled or had a record of a

disability. There is therefore no genuine issue of material fact with respect to O'Brien's duty to accommodate claim, and Defendant is entitled to judgment as a matter of law on this claim. The court therefore does not address Defendant's arguments regarding whether Plaintiff requested an accommodation or failed to engage in the interactivity process regarding a disability accommodation.

## IV. Conclusion

For the foregoing reasons, the court **grants** Defendant's Motion for Summary Judgment and **dismisses with prejudice** Plaintiff's ADA claims. The court will enter judgment by separate document as required by Rule 58 of the Federal Rules of Civil Procedure.

**It is so ordered** this 31st day of August, 2010.

Sam A. Lindsay
United States District Judge